```
STATE OF SOUTH DAKOTA)            IN CIRCUIT COURT
                     :ss
COUNTY OF LINCOLN    )            SECOND JUDICIAL CIRCUIT


BRET C. MERKLE,                   Civ. _____

        Plaintiff,

v.                                SUMMONS

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.
```

TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to answer the Complaint of the Plaintiff(s) in the above-entitled action, which Complaint is hereto attached and herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at his office at P.O. Box 90708, in the City of Sioux Falls, in and for the County of Lincoln, State of South Dakota, 57109-0708, within thirty (30) days after service of this Summons and Complaint upon you, exclusive of the date of such service, and if you fail to answer the said Complaint within the time aforesaid, judgment by default may be rendered against you as requested in the Complaint, together with the costs and disbursements of this action.

                                MERKLE LAW FIRM

                                /s/ Bret C. Merkle

                                Bret C. Merkle, Esq.
                                PO Box 90708
                                Sioux Falls, SD  57109-0708
                                (605) 339-1420
                                bret@merklelaw.com

                                Attorney Pro Se

STATE OF SOUTH DAKOTA)                IN CIRCUIT COURT
                     :ss
COUNTY OF LINCOLN    )                SECOND JUDICIAL CIRCUIT

BRET C. MERKLE,                       Civ. _____

            Plaintiff,

v.                                    COMPLAINT

STATE FARM FIRE AND
CASUALTY COMPANY,

            Defendant.

Comes now Bret C. Merkle and for his cause of action against the Defendant states and alleges as follows:

1.

The Plaintiff is a resident and citizen of Lincoln County, South Dakota.

2.

The Defendant is an insurance company that has its home office in Bloomington, Illinois and operates in the State of South Dakota.

3.

The contract of insurance in dispute herein is Farm/Ranch policy numbered 91-BN-9748-8 issued by Defendant and purchased by Plaintiff.

4.

The insurance contract in dispute was issued by Defendant to Plaintiff in South Dakota.

5.

The insurance contract in dispute has been the primary coverage for Plaintiff at all times material herein.

6.

On or about the 29th day of March, 2006, a horse (hereafter called "Thunder") owned by Plaintiff was killed by accident.

7.

On that date while hunting for grain, Thunder and two other horses found themselves in a small walk-way area between a barn wall and livestock panels designed for human traffic only, when Thunder attempted to walk through a small opening between a barn door and a corral panel. In the process, he suffered a severe wound to the stomach that resulted in his death.

8.

Plaintiff made a timely and proper claim for reimbursement of Thunder's fair market value, which was $7,500.00 at the time of his death, but has not been paid by defendant under the terms of the policy.

9.

Defendant investigated the circumstances of Thunder's injury and death, but denied the claim on the basis of exclusion t.(3), which excludes losses caused by livestock (including horses) "running into streams, ditches, fences, trees, or other objects…."

10.

The small human walk way area described above measured approximately only four feet wide by twenty feet long and was too small where a 1,200 pound horse could possibly run.

11.

Thunder was not and could not have been running at the time of his injury and death.

12.

There is no definition of "running" contained in the Defendant's policy.

13.

Defendant failed to provide a reasonable basis or explanation for its denial of Plaintiff's claims, and therefore has acted in bad faith in coming to its conclusions and ultimate denial of Plaintiff's claims

14.

Plaintiff is entitled to his attorney fees in prosecuting this action.

15.

Defendant's actions in denying Plaintiff's claims were unreasonable, vexatious, intentional, willful, oppressive, malicious, or fraudulent, for which punitive damages are allowed.

WHEREFORE Plaintiff prays for judgment against Defendant as follows:

1. The court declare Plaintiff's claim valid under the policy and award Plaintiff Thunder' fair market value at the time of his death in the in the amount of $7,500.00;
2. The court award Plaintiff punitive damages in the amounts determine at trial;
3. The court grant Plaintiff's attorney fees and costs;
4. That the Court grant such other and further relief as it deems just and equitable.

Dated this 23 day of March, 2010.

MERKLE LAW FIRM

Bret C. Merkle, Esq.
PO Box 90708
Sioux Falls, SD 57109
(605) 339-1420
bret@merklelaw.com
Attorney Pro Se

DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Bret C. Merkle, Esq.